IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| NICKLOUS TRAVIS ANDERSON, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CASE NO.: 7:22-CV-00068 |
| | : | |
| MOULTRIE POLICE DEPT., | : | |
| & OFFICER WOODS | : | |
|     Defendants. | : | |
| _____ | : | |

**ORDER**

On July 8, 2022, Nicklous Travis Anderson, a pro-se Plaintiff, filed a Complaint (Doc. 1) and "Affidavit of Insolvency" (Doc. 2) in the Southern District of Georgia. In his Complaint, Plaintiff alleged that the Defendants had committed various violations of Plaintiff's civil rights. (Doc. 1.) On June 13, 2022, this case was transferred to the Valdosta Division of the Middle District of Georgia. (Docs. 5 & 6.)

This Court has construed Plaintiff's "Affidavit of Insolvency" as a Motion to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the cost and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the Complaint, as required by 28 U.S.C. § 1915(e). *Id.*

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Plaintiff's affidavit and finds it to be insufficient for this Court to determine Plaintiff's eligibility under 28 U.S.C. § 1915. A handwritten affidavit of insolvency is insufficient as this Court is required to assess the value of Plaintiff's assets in determining whether Plaintiff is indigent. Accordingly, Plaintiff is hereby **ORDERED** to file an amended IFP affidavit **within twenty-one (21) days from the entry of this order, or by no later than Friday, August 5, 2022**. Plaintiff is hereby noticed that a copy of the Middle District of Georgia's IFP affidavit form can be obtained from the Middle District of Georgia's homepage or from the Clerk's Office of this Court.

**SO ORDERED**, this 15th day of July, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**